## Vermillion v. Davis.

### (Decided November 25, 1924.)

### Appeal from Harlan Circuit Court.

Injunction—Allegation that Plaintiff was Citizen Held Necessary to Show Right to Sue to Compel Appointment.—Petition to have it adjudged that incumbent had no title to office of county live stock inspector, under Kentucky Statutes, section 63c-19, and asking injunction requiring fiscal court to appoint qualified inspector, which did not allege that plaintiff was a citizen and taxpayer in county, showed neither injury to plaintiff nor his right to sue.

G. G. RAWLINGS for appellant.

JOHN B. CARTER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

It is substantially alleged in the petition that in the year 1918, the fiscal court of Harlan county appointed Calvin Howard live stock inspector for that county, in accordance with the provisions of section 63c-18 Ky. Statutes; that he was not at the time a licensed veterinarian, and that the state board refused to approve his appointment; that nevertheless Howard wrongfully assumed the conduct of that office, and has since, without

right, attempted to hold it, and is now doing so; that at the time the court attempted to make such appointment in 1918, there was no licensed veterinarian living in Harlan county, but at present there are three graduated and licensed veterinarians residing in that county, and practicing their profession; that plaintiff is himself a licensed veterinarian in that county.

He sought to have it adjudged that Calvin Howard has no title to the office of county live stock inspector, and asked for an injunction requiring the fiscal court to meet and appoint a qualified inspector.

Section 63c-18, Ky. Statutes, provides:

> "That the fiscal court in each and every county shall, within sixty days after this act becomes effective, appoint or elect a county live stock inspector, who shall be a citizen of the county and a licensed veterinarian, if there be such in the county, regularly engaged in the practice of veterinary medicine. If there be neither a licensed graduate veterinarian nor a licensed nongraduate vetrinarian in the county, the county live stock inspector shall be a reputable citizen of the county who is familiar with the care and attention of live stock and the prevention and treatment of live stock diseases. But in no case shall the appointment or election of the county live stock inspector become effective until after such appointment or election has been approved by the board. The fiscal court shall fix the salary of the county live stock inspector, which shall be an amount commensurate with his ability and his duties. Said salary and the necessary expenses incurred in the discharge of his official duties shall be paid by the county, as are other county salaries and expenses. Should the members of the fiscal court fail to carry out the provisions of this act, they shall be charged with misfeasance in office and shall be subject to punishment for such offense."

A demurrer was sustained to the petition and plaintiff appeals. It will be observed that the plaintiff did not allege that he was a citizen of Harlan county. Construing the pleading most strongly against him we assume that he was not. Being neither a citizen nor a tax-

payer of that county he is not interested in its fiscal affairs, and shows neither injury to himself nor right to sue, by reason of the matters of which he complains.

It follows that the court properly sustained a demurrer to his petition.

Judgment affirmed.